### 7925

#### EX PARTE MURRAY.

Contempt.—The dispensary commission has the power to require by *subpoena duces tecum* the production before them of books and papers for examination in any particular investigation and to punish by contempt for refusal, but it cannot punish in this way the chairman of the former commission for refusing to turn over vouchers for money paid out by the former commission.

Petition by W. J. Murray to this Court in its original jurisdiction for writ of *habeas corpus*.

*Messrs. Melton & Belser,* for petitioner.

*Attorney General Lyon,* contra.

*Mr. W. A. Holman,* for the commission, as *amicus curae.*

June 6, 1911. PER CURIAM. The State Dispensary Commission adjudged W. J. Murray guilty of contempt in refusing to deliver to it certain vouchers for disbursement of money taken by the former State Dispensary Commission of which he was chairman, and in default of purging himself of such contempt he was committed to jail. He now brings this proceeding in *habeas corpus*, claiming that his imprisonment is illegal and that the judgment of the commission is in excess of its powers and void.

Section 8 of the act of February 24, 1908, provides that "the commission shall have full power and authority to investigate the past conduct of the officers of the dispensary and all the power and authority conferred upon the committee appointed to investigate the affairs as prescribed by the act to provide for the investigation of the dispensary, approved January 24, 1906, be, and hereby is, conferred upon the commission provided for under this act." etc. Section 3 of the act of January 24, 1906, provides: "The said committee be, and the same is hereby, authorized to send for and to require the production of any and all books, papers, or other documents or writings which may be deemed relevant to any investigation, and to require said person or persons in custody or possession of such papers to produce the same before the said committee. Any person or persons who shall refuse to act on the order or notice of said committee to produce said books, papers, or other documents or writings, shall be deemed guilty of contempt of said committee, and be punished as provided in section 2."

Under this statute it is clear that the commission has power to compel the production before it of papers relevant to any investigation it is authorized to make; and to punish for contempt in case of disobedience of the order to produce. The commission's order to produce must be in the nature of a *subpoena duces tecum,* and cannot operate so as to deprive the owner or custodian of his possession and

control, except for the temporary examination and use in a particular investigation by the commission, wherein the owner's or custodian's possession and control are properly guarded.

The order of the commission in this case was not to produce for examination and use in a particular investigation, but to deliver, and turn over to the commission the vouchers in question, thereby permanently depriving the petitioner of his custody and control. This was in excess of the power of the commission. If the commission was seeking possession of the vouchers, claiming the right to them as the successors in office of the former commission, the remedy was not a proceeding in contempt. The vouchers in question relate to the disbursement of dispensary funds by the old Dispensary Commission, the members of which are under bond and claim the right to control these vouchers for the protection of themselves and their bondsmen until their accounts are settled after investigation by proper authority. In the opinion of the Court these vouchers are so far private property that the members of the old commission cannot be deprived of their possession and control in the manner attempted.

The judgment in contempt, being in excess of jurisdiction, is void, and the petitioner is entitled to be discharged from custody, and it is so ordered.